ELIZABETH WASHINGTON, executrix of JOHN WASHINGTON, appellant defendant below *vs.* JOSEPH RICHARDSON, appellee plff. b.

An action of trespass before a justice does *not* abate by the death of the deft.

APPEAL.  Trespass for shooting a cow.

An action of trespass was instituted by Richardson against the defts.'s testator, John Washington, before a justice of the peace. The trespass complained of was the shooting plff.'s cow.   Plff. had a report and judgment in his favor before the justice, and deft. appealed.   After judgment, deft. died, and letters testamentary were duly granted to Elizabeth Washington, his executrix.

*Hamilton*, for appellant, contended that the action was abated by the death of the original deft.  Actio personalis moritur cum persona is the general principle; and it is expressly so by our act of assembly in relation to this very matter.  *Dig.* 359, 60, *(and Dig.* 224 *contra.)* "In such actions (to wit: 'actions of trespass for direct and immediate injuries in carrying away or taking, destroying or damaging goods or chattels'") the cause shall not continue or survive against executors or administrators.  It is true that another act of assembly saves the abatement in general; but the act I have referred to fixes the law in this particular case, in all actions of trespass cognizable before justices of the peace.

*Bayard*, for the appellee.  The death of the deft. in this case happened after the judgment was rendered before the justice, and if there is any abatement about it, it is an abatement of the appeal.   But there can be no abatement after judgment.   The judgment before the justice fixes the debt.

*The court.*  The act on page 224 of the Digest, though prior in the order of arrangement, is in fact subsequent in point of time to the act on page 359.   It gives the general rule on this subject, and saves the abatement "in all personal actions, except actions for assault and battery, defamation, malicious prosecution, or an injury to the person, or upon penal statutes."   These two laws are unquestionably contradictory, but that on page 224 being a general law on the subject of survivency of actions, and being also subsequent in date, repeals the other.   Leges posteriores priores contrarias abrogant.

On the law applicable to the facts of the case the court referred to the case of *Richardson* vs. *Carr*, (ante 142,) and repeated that decision.  The plff. had a verdict for $28.

*J. A. Bayard*, for plaintiff.
*Hamilton*, for defendant.